**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- X

**MANUEL DURAN, on behalf of himself and all**
**others similarly situated,**

                                 **Plaintiff,**       |   **Civil Action**
            **- against -**

                                           |   **Case No.: 24-CV-8281**

**EBAY INC.**

                               **Defendant,**

-------------------------------------------------------------------- X

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Manuel Duran ("Duran" or "Named Plaintiff"), individually and on behalf of the putative

collective and class (collectively, "Plaintiffs"), by and through his attorneys, Arenson, Dittmar &

Karban, as and for his Complaint against eBay Inc. ("eBay" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This action arises out of Defendant's failure to pay Plaintiffs on a weekly basis, in

violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York

Labor Law, N.Y. Lab. Law §§190 *et al.,* § 650, *et al.* ("NYLL").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1337, and supplemental jurisdiction of Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

In addition, the Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §

216(b).

3.      The Court is empowered to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## PARTIES

5.      Plaintiff Duran is an adult individual residing in New York, New York.

6.      Defendant eBay is the proprietor of www.ebay.com, an Internet-based marketplace that allows those who register with it to purchase goods from and sell goods to one another. According to its website, eBay features 2.1 billion live listings and serves approximately 133 million active buyers in over 190 markets around the world. It is a public company listed on the Nasdaq under the symbol EBAY. eBay is incorporated in Delaware. Its principal offices are located in San Jose, California.

## STATEMENT OF FACTS

7.      From approximately December 2020 through April 2, 2023, Plaintiff Duran worked as a sneaker authenticator in a warehouse in Queens located at 19-36 38th Street (the "Queens Warehouse").

8.      When Plaintiff Duran first started working in the Queens Warehouse, the warehouse was operated by a company named Sneaker Con.

9.      On or around November 24, 2021, Sneaker Con was acquired by eBay.

10.     Upon information and belief, eBay performed due diligence into Sneaker Con prior to acquiring it, including, inter alia, the legality of Sneaker Con's labor and employment practices.

11.     After acquiring Sneaker Con, eBay continued the operation of the sneaker authentication business at the Queens Warehouse before moving operations to New Jersey on or around April 3, 2023.

12.     eBay maintained a common policy of paying all its employees who worked in the Queens Warehouse on a bi-weekly basis, including those who spent more than 25% of working time engaged in physical labor.

13.     Upon information and belief, at all relevant times, Defendant acted as Plaintiffs' employer within the meaning contemplated by 29 U.S.C. § 203(d) and N.Y. Lab. Law § 651(6).

14.     Upon information and belief, at all relevant times, Plaintiffs were employees of Defendant within the meaning contemplated by 29 U.S.C. § 203(e) and N.Y. Lab. Law § 651(5).

15.     Upon information and belief, at all relevant times, the activities of Defendant constituted an "enterprise" within the meanings contemplated by 29 U.S.C. §§ 203(r), (s).

16.     Upon information and belief, Defendant is an "enterprise engaged in commerce" within the meaning contemplated by 29 U.S.C. §§ 201 *et seq.* and the cases interpreting it.

17.     The majority of Duran's job responsibilities and his primary duty at eBay consisted of physical labor, including, without limitation, carrying racks of sneakers to his workstation, taking sneakers out of their boxes or containers and putting them on the surface of his workstation, holding the sneakers in the air while inspecting them, handing the sneakers to a quality control checker, and carrying empty racks back to the receiving area. Duran was on his feet all day as the workstations did not have chairs. Sometimes Duran was called upon to perform additional warehouse work, as well, such as breaking down boxes, folding boxes, boxing sneakers.

18.     At most points during Plaintiff Duran's employment with Defendant at the Queens Warehouse, Defendant employed approximately 60 other warehouse workers who spent more than 25% of their working time engaged in physical labor, including, but not limited to, opening boxes, breaking down boxes, folding boxes, boxing sneakers, filling racks with sneakers, and moving racks, boxes, and pallets around the warehouse.

19.     At all relevant times, Duran was a manual worker under the NYLL. He did not have authority to manage, hire, or fire any employees.

20.     During Duran's employment with Defendant at the Queens Warehouse he and other warehouse workers sometimes worked over forty hours per week.

21.     At all relevant times, Defendant paid Duran and other similarly situated individuals every other week, rather than weekly.

22.     For example, for the week of December 27, 2021, through January 2, 2022, Plaintiff Duran did not receive payment until January 14, 2022; i.e., 12 days after the completion of that workweek. A copy of Duran's paystub for that workweek is attached hereto as **Exhibit A**.

23.     Thus, for half of each biweekly pay period, Duran and other similarly situated individuals were injured in that they were temporarily deprived of money owed to them, and they could not invest, earn interest on, or otherwise use these monies that were rightfully theirs.

24.     Accordingly, every day that said money was not paid to Plaintiffs in a timely fashion, Plaintiffs lost the time value and use of that money.

## <u>COLLECTIVE ALLEGATIONS</u>

25.     The Named Plaintiff brings this action against Defendant as a collective action

pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated current and former non-exempt employees who worked for Defendant at the Queens Warehouse at any time during the three years prior to the filing of this action through the entry of judgment in this action ("the FLSA Collective").

26.     At all relevant times, the Named Plaintiff and the FLSA Collective were similarly situated, governed by similar pay practices and subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a failure and to promptly pay Named Plaintiff and the FLSA Collective.

27.     Defendant is liable under the FLSA for failing to promptly pay the Named Plaintiff on a weekly basis, and as such, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

28.     The FLSA Collective consists of numerous similarly situated current and former employees of Defendant who were subject to the conduct complained of herein and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the action. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## CLASS ALLEGATIONS

29.     This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30.     The Named Plaintiff brings this action on behalf of himself and a class consisting of all similarly situated persons who worked for Defendant at the Queens Warehouse as manual laborers between November 24, 2021 and April 2, 2023 (the "Putative Class"). The Putative Class includes all persons employed by Defendant at the Queens Warehouse to do non-

managerial warehouse work, including but not limited to those in the following departments: shipping, receiving, quality control, and sneaker authentication.

31.     Members of the Putative Class were required to spend more than 25% of their working time engaged in physical labor.

32.     The Putative Class is so numerous that joinder of all members is impracticable.

33.     The precise size of the Putative Class is unknown to Plaintiffs. The facts on which the calculation of that number can be based are presently within the sole control of Defendant. In addition, the names of all potential members of the Putative Class are not known but can be readily identified through Defendant's records.

34.     The size of the Putative Class is in excess of forty (40) individuals.

35.     New York Law requires companies to pay their manual workers on a weekly basis and no later than seven days after the end of a week in wages are earned unless they receive an express authorization to pay in accordance with agreed terms of employment from the New York State Department of Labor Commissioner. *See* NYLL §191.

36.     Defendant received no such authorization from the New York State Department of Labor Commissioner.

37.     Defendant violated NYLL §191 and the FLSA by paying Duran and the Putative Class every other week rather than on a weekly basis and by paying Duran and the Putative Class more than 7 days after the completion of the first week of each pay period.

38.     The questions of law and fact common to the Putative Class predominate over any questions affecting only individual members.

39.     The claim of the Named Plaintiff—that Defendant failed to provide him with timely payment of wages under the NYLL—is typical of the claims of the Putative Class.

40.    Named Plaintiff and his counsel will fairly and adequately protect the interests of the Putative Class.

41.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Timely Wages

42.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

43.    The Named Plaintiff has consented to be a party to this action pursuant to 29 U.S.C. § 216(b).

44.    Defendant engaged in a widespread pattern and practice of violating the FLSA's prompt payment requirement, as detailed in this complaint.

45.    The payment provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, and related federal regulations, apply to Defendant as an employer and the FLSA Collective as employees.

46.    The FLSA and caselaw interpreting the same requires Defendant to remit the prompt and timely payment of wages. *See* 29 U.S.C. § 206(a); *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 56 (2d Cir. 1998).

47.    Defendant's failure to pay the FLSA Collective on a weekly basis, as required by NYLL §191, violates the FLSA's prompt payment requirement.

48.    Defendant's violations of the FLSA were willful, knowing, and repeated.

49.    Because of Defendant's willful violations of the FLSA, a three-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

50.     As a result of the unlawful acts by the Defendant, members of the FLSA

Collective are entitled to recover from Defendant the amount of their untimely paid wages as

liquidated damages, as well as attorney's fees and costs, and pre-judgment and post-judgment

interest as provided for by 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**New York Labor Law – Failure to Pay Timely Wages**

51.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

52.      The timely payment provisions set forth in Article 6 of the NYLL and related

regulations apply to Defendant as employer and Plaintiffs as employees.

53.     The timely payment of wages provisions of NYLL § 191 and its supporting

regulations apply to Defendant and protect Plaintiffs.

54.     New York Law requires companies to pay their manual workers on a weekly

basis and no later than seven days after the end of a week in wages are earned unless they

receive an express authorization to pay in accordance with agreed terms of employment from

the New York State Department of Labor Commissioner. *See* NYLL §191.

55.     Defendant received no such authorization from the New York State Department

of Labor Commissioner.

56.     Defendant violated NYLL §191 and the FLSA by paying Duran and the Putative

Class every other week rather than on a weekly basis and by paying Duran and the Putative

Class more than 7 days after the completion of the first week of each pay period.

57.     As a result of the unlawful acts by Defendant, Plaintiffs are entitled to recover

from Defendant the amount of their untimely paid wages as liquidated damages, attorney's fees

and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek judgment against Defendant, as follows:

(1) Certification of this action as a collective pursuant to 29 U.S.C. § 216(b);

(2) That, at the earliest possible time, Named Plaintiff be allowed to give notice to this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, employed by Defendant as non-exempt employees. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied prompt payment of wages;

(3) Certification of this action as a class action pursuant to F.R.C.P. Rule 23 on behalf of the members of the Putative Class and appointing the Named Plaintiff and their counsel to represent the Putative Class;

(4) Designation of the Named Plaintiff as representative of the Putative Class, and counsel of record as Class Counsel;

(5) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

(6) An award of monetary damages in the amount of their untimely paid wages as liquidated damages;

(7) prejudgment and post-judgment interest on all amounts awarded;

(8) an order awarding Plaintiffs reasonable attorneys' fees, expenses, and

costs of suit; and

(9) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 29, 2024

Respectfully submitted,

ARENSON, DITTMAR & KARBAN

By: S/Avi Mermelstein
420 Lexington Avenue, Suite 1402
New York, New York 10170
Tel:    (212) 490-3600
Fax:    (212) 682-0278
avi@adklawfirm.com
*Attorneys for Plaintiffs*

# EXHIBIT A

TZK 317285 000165 0110 0000020183 1

# Earnings Statement

ADP

EBAY INC.
2145 HAMILTON
SAN JOSE, CA 95125
866-767-3360

| | |
|---|---|
| Period Beginning: | 12/27/2021 |
| Period Ending: | 01/09/2022 |
| Pay Date: | 01/14/2022 |

**MANUEL DURAN**
**247 S 3RD STREET APT 1A**
**BROOKLYN NY 11211**

Filing Status: Single/Married filing separately
Exemptions/Allowances:
    Federal: Standard Withholding Table

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular Hours | 23.0000 | 40.00 | 920.00 | 920.00 |
| Overtime | 34.5000 | 4.03 | 139.04 | 139.04 |
| Holiday Pay | 23.0000 | 8.00 | 184.00 | 184.00 |
| **Gross Pay** | | | **$1,243.04** | 1,243.04 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -81.49 | 81.49 |
| | Social Security Tax | -77.19 | 77.19 |
| | Medicare Tax | -18.05 | 18.05 |
| | NY State Income Tax | -47.87 | 47.87 |
| | New York Cit Income Tax | -33.82 | 33.82 |
| | NY SDI Tax | -1.20 | 1.20 |
| | NY Paid Family Leave Ins | -6.35 | 6.35 |
| | **Net Pay** | **$977.07** | |
| | Checking | -977.07 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are
$1,243.04

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Group Term Life | 1.90 | 1.90 |
| PTO BALANCE | 41.81 | |
| Totl Hrs Worked | 44.03 | |
| Employee Id | | 0317285 |

## Important Notes
PEOPLE EXP AND PAYROLL CONTACT NUMBER
866-767-3360

BASIS OF PAY: HOURLY

## Additional Tax Withholding Information
Taxable Marital Status:
    NY: Single
    New York Cit: Single
Exemptions/Allowances:
    NY: 0
    New York Cit: 0

© 2000 ADP, LLC

EBAY INC.
2145 HAMILTON
SAN JOSE, CA 95125
866-767-3360

| | | |
|---|---|---|
| Advice number: | **00000020183** | |
| Pay date: | 01/14/2022 | |



| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| **MANUEL DURAN** | xxxxx6309 | xxxx xxxx | $977.07 |

**NON-NEGOTIABLE**